THOMAS STELLAKIS, BY HIS NEXT FRIEND, STEVE STALLAKIS, AND STEVE STALLAKIS, INDIVIDUALLY, PLAINTIFFS-APPELLEE, v. A. HASBROUCK, Jr., DEFENDANT-APPELLANT.

Submitted October 13, 1933—Decided January 23, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the defendant-appellant, *Cox & Walburg*.

For the plaintiffs-appellee, *Joseph Teich*.

The opinion of the court was delivered by

PERSKIE, J. This is an action by an infant son and his father for damages because of injuries sustained by the son through the alleged negligence of the defendant. The case was tried with a jury. It resulted in a verdict of $200 for the infant. The jury gave nothing to the father. Whether there was or was not a justification for the jury's failure to make an award to the father, suffice it to state that no point is made on this score.

The proof submitted discloses that the infant plaintiff was a bootblack working on the streets of Hackensack. At the

time of the accident he was ten years of age. The defendant is a dealer in electric washing machines, &c., and maintained a store on Main street of said city. The defendant had on display an electric washing machine located in the entrance of the store so that it extended half in the entrance and the other half on the sidewalk. The machine was connected by a wire to the electric current in the store and it operated automatically when the current was turned on. The plaintiff testified that he desired to show his cousin something in the window (the rollers of the machine), and while so doing, in some unexplained manner, his hands were caught in the rollers inflicting the injuries for which damages were allowed by the jury.

The defendant, and his clerk, Gladys Mortimer, testified that the machine was not running on the day of the accident. One Harold Henry, a bank clerk, and the father testified to the contrary.

Motions for nonsuit and directed verdict were made for the defendant and denied. We think properly so.

On these motions the defendant contended that he was the owner in fee of his premises to the center of the street (*Friedman* v. *Snare & Triest Co.,* 71 *N. J. L.* 605); that plaintiff was merely a licensee (*Fleckenstein* v. *Great Atlantic and Pacific Tea Co.,* 91 *Id.* 145), and that therefore defendant was obligated merely to abstain from willfully injuring the plaintiff. *Turess* v. *New York, Susquehanna and Western Railroad Co.,* 61 *Id.* 314; *Faggioni* v. *Weiss,* 99 *Id.* 157.

It does not seem to us that the doctrine of licensee has any application to the instant case. The court submitted the case to the jury on the question of negligence of the defendant and contributory negligence, if any, of the plaintiff. We are inclined to think that the court was right. The defendant was engaged in selling electric washing machines, &c. He exhibited the machine partly in the public street (sidewalk) where it would attract passersby and for the purpose of attracting public attention generally. Was it negligence to permit it to be running without being properly protected? Was the plaintiff guilty of contributory negligence under the

circumstances? It seems to us that these were fact questions and therefore were properly submitted to the jury for determination.

Judgment is affirmed, with costs.